**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Baumbach, | No. CV-20-01481-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| David Dennis, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 27) issued by Magistrate Judge Camille D. Bibles recommending that the Court dismiss the Plaintiff's claims without prejudice for failure to timely effect service of process on the only defendant remaining in this matter. Petitioner timely filed an objection to the R&R. (Doc. 28.) The Court overrules Plaintiff's objection and adopts the R&R.

## BACKGROUND

Plaintiff has not effected service of process upon Defendant David Dennis ("Defendant Dennis"), who is the only remaining Defendant in this action. The Magistrate Judge initially ordered Plaintiff to effect service on Defendant Dennis no later than November 3, 2020. (Doc. 12 at 9.) The order warned: "If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice." *Id.* On October 21, 2020, service on Defendant Dennis was returned unexecuted. (Doc. 14.) The court thereafter ordered Director Shinn to file

Defendant Dennis' current duty station, or if he was no longer employed by the Arizona Department of Corrections, Rehabilitation, and Reentry, his last known home address. (Doc. 15.) The Magistrate Judge extended the deadline to effect service on Defendant Dennis to December 4, 2020. *Id.*

Director Shinn provided Defendant Dennis' last known home address, but service was again returned unexecuted on February 1, 2021. (Doc. 20.) The court subsequently ordered Plaintiff to show cause for his failure to effectuate service by the deadline. (Doc. 21.) Plaintiff has not effected service since the February 3, 2021 Order to Show Cause. (Doc. 21.)

## DISCUSSION

### I. Standard of Review

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate [judge], who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate judge. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

### II. Analysis

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Cap. Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure Rule 4 details the manner in which service should occur. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service as set in Rule 4(m) of the Federal Rules of Civil Procedure or sixty (60) days from filing of service order, whichever is later."

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *see* 28 U.S.C. § 1915(d). Thus, where a pro se plaintiff has identified a defendant for the Marshalls, but the Marshals are unable to effectuate service, there is good cause within the meaning of Rule 4. *Penton v. Pool*, 724 Fed. App'x 546, 551 (9th Cir. 2018). Yet "[w]hile district courts have broad discretion to extend time for service under Rule 4(m), 'no court has ruled that the discretion is limitless.'" *Reishaus v. Almaraz*, 2011 WL 1526936, at *3 (D. Ariz. Apr. 21, 2011) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)). Plaintiffs bear the responsibility of providing the Marshals with accurate and sufficient information to effect service. *Allen v. Comm'r of Ariz. State Prison*, No. CV–13–08048–PHX–GMS, 2014 WL 2435685, at *3 (D. Ariz. May 30, 2014); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by*, *Sandin v. Conner*, 515 U.S. 472 (1995).

Here, Plaintiff did not effectuate service by the deadline. Although, in response to the order to show cause, he opined that he was unable to locate Defendant Dennis, and requested that the Court appoint counsel or issue subpoenas to assist him in doing so, Plaintiff is not entitled to counsel and the Court may not take on an investigatory role on behalf of a pro se litigant. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("Requiring district

courts to advise a pro se litigant . . . would undermine district judges' role as impartial decisionmakers."); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotation omitted) ("The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances.").

Plaintiff's objection indicates no progress in complying with this obligation to provide the Marshals with usable information. (Doc. 28) (requesting additional time as he awaits responses from several organizations known to assist pro se litigants). As several months have now passed from the extended deadline, Plaintiff has failed to meet his obligation of providing the Marshals sufficient information to effect service. The Court thus finds that Plaintiffs claims are dismissed without prejudice for Plaintiff's failure to timely effect service of process on Defendant Dennis.

## CONCLUSION

Plaintiff's claims are dismissed without prejudice for failure to effect service on the remaining defendant in this matter.

**IT IS THEREFORE ORDERED** that Plaintiff Jonathon Baumbach's Objection to the Report and Recommendation (Doc. 28) is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Camille D. Bibles (Doc. 27) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk to terminate this action without prejudice and enter judgment accordingly.

Dated this 4th day of August, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge